IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.  No. 12-CR-30158

JACQUELINE L. BURRELL

Defendant.

### ORDER

**HERNDON, Chief Judge:**

Pending before the Court is defendant's February 1, 2013 motion to reconsider (Doc. 38). Specifically, defendant moves the Court to reconsider its January 25, 2013 Judgment sentencing defendant to a term of ten months imprisonment (Docs. 33 & 36). The government filed its opposition on February 8, 2013 (Doc. 40). Based on the following, the Court **DENIES** the motion.

Rarely a case is presented where some hardship on the defendant's family is not discussed. Frequently, arguments are made to the Court regarding how difficult it will be on the family to have the defendant incarcerated. Typically, defense counsel, defendant's family, the defendant's friends, the defendant or all of those described will be sure to tell the Court how much the defendant will be missed and how devastating her incarceration will be to the family unit, whatever that might consist of. It seems that no matter what the crime of conviction, the

presumption is that the defendant is a role model that all the family seems to want around the children, usually without spelling out the typical life lessons she is inclined to provide her offspring. It seems to be of no moment that the defendant, in the typical case, is guilty of a serious federal crime.

The only thing that sets this case apart from the run of the mill case when it comes to trying to suggest that this Court should disregard 18 U.S.C. §3553(a), and its many factors which the Court must by its very terms take into account in analyzing the sentence which is at the very least most appropriate to accomplish its objectives, is that there is a very convoluted history of the custody of the very children at issue in the pending motion. See paragraphs 9 through 24 of the Presentence Report (PSR). Suffice it to say, that intertwined with the custodial issues are the criminal violations which lead to the defendant's predicament. Moreover, defendant states she is the only person who can maintain custody of the children, no other adult is available, despite references in the PSR to other family adults, including a father and a grandmother.

As the Court noted at the time of sentencing, this is not the first time the defendant has committed a criminal act of fraud against the government in an effort to benefit from aid that she was not entitled to receive. Defendant justified taking government money for children for whom she was not entitled, since they were not in her custody, since she had other children around who she determined on her own were entitled to government financial assistance. The Court's sentencing analysis remains the same, which will not be repeated here, and which

took into account that defendant has children and someone or the state will be burdened with taking care of them because of what must happen with regard to providing the appropriate correctional treatment for the defendant. Defendant, prior to this term of incarceration, seemed to give no consideration to her actions before stealing the government's money. Her correctional treatment is needed to convince her that lawlessly taking that to which she is not entitled carries serious consequences. As she sits in prison, concerned about her children, she surely will vow to never do something that will land her back there again.

Accordingly, the Court **DENIES** defendant's motion to reconsider (Doc. 38). Defendant is ordered to report to the Bureau of Prisons as instructed. In light of the allegations made in the motion, the Court **DIRECTS** the United States Marshal Service to notify the Illinois Department of Children and Family Services to assess the need to take custody of the defendant's children on or before the date she is ordered to surrender.

**IT IS SO ORDERED.**

Signed this 11th day of February, 2013.

Digitally signed by David R. Herndon
Date: 2013.02.11 14:43:07 -06'00'

**Chief Judge**
**United States District Court**